IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAELIM CORPORATION<br>　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | C.A. No. 4:19-CV-00485<br>Admiralty 9(h) |
| BOMIN BUNKER OIL PTE LTD<br>　　*Defendant.* | §<br>§<br>§ | |

## **COMPLAINT**

Plaintiff, DAELIM CORPORATION ("Plaintiff"), by and through its attorneys, Eastham, Watson, Dale & Forney, LLC and Tisdale Law Offices LLC (*pro hac vice*), as and for its Complaint against the Defendant, BOMIN BUNKER OIL PTE LTD ("Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was and is a foreign company duly organized and operating under foreign law with an office and place of business in South Korea and was the Charterer of the M/V MINERAL NINGBO ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Singapore.

4. On or about September 11, 2018, Plaintiff contracted with Defendant for the supply of bunker fuel to the Vessel. *See* Confirmation of Sales dated September 11, 2018, Bunker Delivery Receipts dated September 18, 2018, and Bomin Standard Terms and Conditions attached hereto as **Exhibit 1**.

5. On or about September 18 – 19, 2018, Chimbusco Marine Bunker (Tianjin) Co. Ltd. acted as physical supplier of the bunkers to the Vessel in Chinese territorial waters.

6. After the bunker fuel was delivered to the Vessel, it became apparent that it was contaminated and could not be used for its intended purpose.  The initial testing of the fuel was performed on October 1, 2018.  See Interim Report dated October 1, 2018 attached hereto as **Exhibit 2**.

7. On or about October 4, 2018, Plaintiff transmitted the Interim Report to the Defendant.

8. The initial results indicated that the fuel contained impurities such as Catfines, and 1,2 Dichloroethane, which required further testing to qualify contaminants and identify any potential problems.

9. The second test was performed on October 19, 2018 and confirmed that the bunker fuel contains Organic Chloride and 1,2 Dichloroethane belonging to the family of hydrocarbons, which are often used in cleaning solutions, coolants, and pesticides.  The presence of these contaminants render the fuel off-specification according to clause 5 of ISO 8217 and MARPOL annex VI section 18.1.  See Second Report attached hereto as **Exhibit 3**.

10. Immediately following receipt of the second report dated October 24, 2018, the Plaintiff forwarded the second report to Defendant confirming that the fuel was off-specification. See email message forwarding report to Defendant attached hereto as **Exhibit 4**.

11. The Bunker Delivery Receipts from the physical supplier Chimbusco Marine Bunker (Tianjin) Co. Ltd state the following "Declaration: the fuel oil supplied is in conformity with regulation 14.1 and regulation 18.1 of Annex VI or MARPOL 73/78."  The October 24,

2018 bunker fuel report indicates the contaminants render the fuel off-specification according to clause 5 of ISO 8217 and MARPOL annex VI section 18.1.

12. Defendant's failure to provide bunker fuel in accordance with clause 5 of ISO 8217 and MARPOL annex VI section 18.1 as represented in the Bunker Delivery Notes is a material breach of the contract and entitles Plaintiff to damages. The contaminants contained in the bunker fuel render it unusable for its intended purposes and is therefore a breach of the contract.

13. The Confirmation of Sale provided by Bomin and on their letterhead states under Terms that the "transaction will be governed by the Seller's General Terms and Conditions of Sale and Delivery… and where Seller is not also the Supplier, Suppliers applicable General Conditions are deemed incorporated into this transaction to the extent they are not in conflict with sellers General Conditions."

14. Bomin's Confirmation of Sale incorporates Chimbusco's Terms and Conditions which include the representation found on the Delivery Note and these representations made by Chimbusco are enforceable against Bomin. Failure to provide Bunker Fuel in accordance with clause 5 of ISO 8217 and MARPOL annex VI section 18.1 as represented in the Bunker Delivery Notes constitutes breach of terms and conditions by the Defendant. The Chimbusco Terms and Conditions are attached hereto as **Exhibit 5**.

15. Moreover, the Bomin sales confirmation and Chimbusco terms guaranteed that ISO8217:2005 specifications would be satisfied.

16. The bunker fuel delivered to Plaintiff by Defendant Bomin did not meet the specifications set forth in ISO8217:2005. Therefore, Defendant Bomin breached the terms of the agreement in place between the parties, causing Plaintiff damages.

17. On or about November 12, 2018, Defendant refused to participate in a joint survey of the bunker fuel provided to the Vessel.

18. As a result of the Defendant's breaches of the General Terms and Conditions of Sale and Delivery including representations found on the Bunker Delivery Notes and Confirmation of Sales, the Plaintiff has sustained damages in the total principal amount of **$741,570.00** exclusive of interest, costs and attorney's fees.

19. The above-described amount represents:

    A. The bunker invoice value of $591,270.00 (**Exhibit 6** hereto);

    B. De-bunkering costs of $100,000 for the 1,195 MT bunkers on board the Vessel; and,

    C. Loss of use of the Vessel during the de-bunkering operations $50,300.

20. Clause 18.1 of Bomin's General Terms and Conditions for Sale and Delivery calls for the application of general maritime law of the United States of America, place of jurisdiction the United States of America or any other law and jurisdiction as specified in the Contract.

21. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the Terms and Condition of Sale and Delivery.

22. Plaintiff is entitled to monetary damages in an amount to be determined at trial.

23. According to Defendant's website, Bomin has an office and place of business within this Judicial District.  See hereto **Exhibit 7.**

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$741,570.00**;

  B. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and,

  C. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

            Respectfully submitted,

            */s/ James T. Bailey*
            Robert L. Klawetter
            State Bar No. 11554700
            Fed. ID No. 2471
            klawetter@easthamlaw.com
            Christina K. Schovajsa
            State Bar No. 24002910
            Fed. ID. No. 25142
            schovajsa@easthamlaw.com
            James T. Bailey
            State Bar No. 24031711
            Fed. ID No. 30347
            bailey@easthamlaw.com
            The Niels Esperson Building
            808 Travis Street, Suite 1300
            Houston, TX  77002
            Telephone: (713) 225-0905
            Facsimile: (713) 225-2907

            *Attorneys for Plaintiff,*
            *Daelim Corporation*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

and

OF COUNSEL:
TISDALE LAW OFFICES LLC
Thomas L. Tisdale (TT 5263) (pro hac vice pending)
24 West 40th Street, 17th Floor
New York, NY 10018
Telephone: (212) 354-0025
Facsimile:  (212) 869-0067
ttisdale@tisdale-law.com

23,331♦9PLLC2126            5